Mr. Justice Turner
delivered the opinion of the court.
This is a writ of error from the circuit court of Madison county. The suit in the court below was brought by E. Wilson v. Henderson & others, and judgment given against the several defendants. One only of those defendants sued out this writ of error. The defendant in error, Wilson, moves the court here to dismiss the writ of error, because it was sued out by one only of the several defendants in the court below. The plaintiff in error does not contest the point of irregularity, which-is the ground of the motion, but insists that the court should not dismiss the writ of error, but merely quash it, and strike the suit from the docket, so as to save the right of the parties to sue out another writ in case they may desire to do so, in order *733 to bring the merits of the cause before the court, and refers to the case of Burke, Watt & Co. v. Flournoy, decided at the last January term of this court.
The defendant, on the contrary, relies on the case of Green & others v. The Planters Bank, 3 How. 43.
There seems to have been some confliction in the decisions of our courts on this subject. In the old supreme court, before I came to the bench, the statute, found in the Revised Code, p. 156, sec. 33, which provides that “ after the dismission of an appeal, writ of error, or supersedeas, in the supreme court, no appeal, writ of error, or supersedeas shall be allowed,” received a settled construction.* The question was brought fairly before that court; and the rule then established, which that court ever after adhered to, was, that, if the dismissal of a cause was not on the merits, but from some irregularity in bringing it up, a second writ of error or supersedeas might be entertained. That court was of opinion that the act in question admitted of such a construction ; and they adopted the rule, for the best of reasons, that of deciding every cause on its merits, that the justice of the cause might receive the consideration of the court. The act of 1822, above cited, is found also in the new edition of the laws by How. & Hutch. 537, sec. 32; and the statute on this subject has not been altered since 1822.
In the case of Green & others v. The Planters Bank, the effect of the dismissal of the suit, because all the defendants did not join in the appeal, was not considered or decided by the court; and the counsel in that case did not call for the entry desired by the plaintiff in error, in the present case, to wit, to quash the writ, and strike the cause from the docket. I am, however, not satisfied with the opinion given in the case in 3 How. 43. That was an appeal, not a writ of error. By the statute, Rev. Code, 138, sec. 148, it is provided that “ any party thinking himself or herself aggrieved by the judgment of said courts, may appeal therefrom, as of right, and the party *734 praying such appeal shall enter into bond,” &c. “and where several appeal, bond and security being given by any party, shall be sufficient.”
This statute'may have been overlooked by the court, in the case of Green, et al., and the case may have been decided on the principles of the common law. It will be observed, likewise, that the statute does not speak of writs of error; it provides only for appeals. I have been inclined to think that the reason and equity of the statute would apply as well to writs of error as to appeals. But, as this court has decided differently, as it regards writs of error, I am not disposed to controvert their decision, inasmuch as the provisions of the common law are quite ample, in allowing a writ of error to any one,, of several parties, plaintiffs or defendants, by resorting to the process of summons and severance.
This being a writ of error, sued out by one only of several defendants in the court below, and the plaintiff in error, not having availed himself of the process of summons and severance, the writ of error must be quashed, and the cause be stricken from the docket, without prejudice, at the costs of the plaintiff in error.
Judges Sharkey and Trotter agreed that the writ of error should be quashed.

 See the ease of Pierce v. Brand, and the case of Pierce v. Hunt, decided in 1823, in which cases I was the attorney of the defendants in error.